STATE *v.* SZEFCYK.

Municipal Court, Oberlin.

No. S-8775.   Decided January 24, 1963.

*Mr. Philip M. Thomas,* prosecutor.
*Mr. Don Durfee,* for the defense.

GOLDTHORPE, J. This matter involves an arrest of the defendant for an alleged violation of Section 4511.19, Revised Code, namely, the operation of a motor vehicle while under the influence of some intoxicant. The case was tried to the Court without a jury.

The evidence of the State was presented by the arresting officer, a city chemist and a city patrolman. The arresting officer was dispatched to the scene of a one-car accident on State Route 113 in Lorain County. Upon arriving at the scene he found the defendant seated in the driver's seat of an automobile. This vehicle had left the traveled portion of the highway, dropping into a ditch. The motor was running and defendant was engaged in attempting to "rock" the car out of the ditch.

Upon investigation this officer concluded that defendant was in violation of this statute. He then brought defendant to the Oberlin Police Station for booking. Upon arrival at the station, defendant was asked if he would consent to take any tests. At that time he agreed to take certain physical tests and also submitted a sample for urinalysis. This officer then testified that the chemist's report showed a result of .40 on the urinalysis.

The second witness for the state was the chemist for the City of Elyria. He testified at length into the method of analysis and procedures followed. He further testified that the result in this particular instance was .40.

The third witness for the state was a patrolman of the

City of Oberlin. He was present in the police station at the time of the tests. He observed defendant's behavior throughout the testing. He testified as to the procedures followed in obtaining the same for urinalysis. He stated that defendant appeared to be under the influence of some intoxicant.

At this point the State rested. Defendant then moved for a dismissal on the grounds that the State had not explained to the trier of the facts, by a competent witness, the test results as they would apply to any human being. The Cuyahoga Falls Municipal Court ruled in 90 Ohio Law Abs., 28, that this was essential to a conviction.

Both the prosecutors involved, in the cited case and this case, argued that the Court, as trier of the facts, could and should take judicial notice of such test results on the basis that the meaning and significance of certain percentages of alcohol in blood, urine or breath have now reached a point of scientific acceptance.

It is argued that a trial court in Ohio may not take judicial notice of these results since the State of Ohio has not enacted the standards of the Uniform Vehicle Code, the American Medical Association, and the National Safety Council which stipulate the various presumptions. It would appear that a trial court should emulate the ostrich, burying its head in the sands of ignorance, in an attempt to find justice between parties without being exposed to new ideas and concepts unless the legislature passes enabling legislation.

It appears to be a new trend in the administration of justice to overlook to some extent the fact that in any criminal action there are two parties involved. On the one hand we have the defendant whose rights will be zealously protected by any Court which is worthy of the title. On the other hand we have the "people," be it the nation, the state, the county, the city or the village. It seems to this Court that the people have some rights which should be protected. The people have the right to expect justice from the courts by the use of all available knowledge. Every year increasing opportunities are opened to the judiciary for the improvement of the administration of justice through participation in conferences and advanced schooling. Both parties involved have the right to expect Courts to use these facilities. Both parties involved have the right

to expect the Courts to constantly improve their knowledge, and, having improved it, to put it to use in any proper case.

"The general rule is that it is the duty of the court to take judicial cognizance of all matters affecting public health which are in accord with general or scientific knowledge, the nature, effect and contagion of diseases; and the susceptibility of the human being thereto." 21 Ohio Jurisprudence (2d), 92.

It is extremely difficult for this Court to set aside, overlook or completely disregard the experience and knowledge gained through 17 years of trial of traffic cases. It is also extremely difficult for this Court to forget the knowledge gained in sitting in a classroom with the physician who made the original studies on alcohol tolerances in relation to driving ability. This Court cannot erase the picture of a human brain, drawn by this physician, illustrating the parts of the brain as affected by the various percentages of alcohol in the body.

The purpose of taking judicial notice of anything is to expedite the trial of a legal action. Every court has an obligation to handle its work with a minimum of delay for the mutual benefit of the defendant and the people. In the event the instant case had been tried to a jury, this Court would have expected expert testimony to be given for the benefit of the jury interpreting a .40 reading.

However, in a prosecution for the offense of operating a motor vehicle while under the influence of some intoxicant, where the Court is the sole trier of law and fact, it is our opinion that the Court may take judicial notice of the results of a blood, urine or breath test as now constituting a scientific fact and not requiring additional proof as to the effect such a reading should have on the behavior of a human being.

A test result is never conclusive but only corroborative. Actual testimony naturally is required to show what this particular defendant did while holding this percentage of alcohol in his body. The expert can only testify as to generalities in any event, he or she not being present to observe the particular person that is on trial.

The motion is overruled.

Upon due consideration of the evidence, the defendant is found guilty of the charge.